United States District Court
Southern District of Texas

**ENTERED**

August 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RODRIGO CANTU-ESTRADA, | § | |
| "Petitioner," | § | |
| | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00282 |
| MIGUEL VIGERA, *et al.*, | § | |
| "Respondents." | § | |

## ORDER

Before this Court are Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), Respondents' "Motion to Dismiss or Alternatively, Motion for Summary Judgment" (Dkt. No. 6) ("MTD"), "Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus" (Dkt. No. 10) ("Motion to Expedite"), and "Respondents' Status Update on Administrative Proceedings" (Dkt. No. 11) ("Status Update"). By their Status Update, Respondents notify the Court that Petitioner was removed from the United States on August 3, 2026. Dkt. No. 11 at 1. For this reason, Petitioner's Petition (Dkt. No. 1) is **DISMISSED**. Additionally, Respondents' MTD (Dkt. No. 6) and Petitioner's Motion to Expedite (Dkt. No. 10) are **DENIED** as moot.

The case-or-controversy requirement must subsist through all stages of federal judicial proceedings. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Otherwise, the action is moot, and the court is stripped of jurisdiction. Here, Petitioner's release from detention renders the Petition moot because he is no longer in detention. Consequently, there is no longer a live case or controversy for this Court to resolve.

Accordingly, the Petition (Dkt. No. 1) is hereby **DISMISSED** sua sponte. Respondents' MTD (Dkt. No. 6) and Petitioner's Motion to Expedite (Dkt. No. 10) are **DENIED** as moot. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this August 10, 2026

Rolando Olvera
United States District Judge